NO. 07-11-0267-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 4, 2011
_____

ROSHELLE RENE HOUSER a/k/a
ROSHELL RENEA JONES,

                                                                    Appellant

v.

THE STATE OF TEXAS,

                                                                    Appellee
_____

FROM THE 264th DISTRICT COURT OF BELL COUNTY;

NO. 66,191; HON. MARTHA J. TRUDO, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Roshelle Rene Houser a/k/a Roshell Renea Jones, appellant, appeals her conviction for forgery by passing. Appellant timely perfected her appeal. The clerk's record was filed on June 14, 2011, and no reporter's record was taken. Appellant's brief was due on July 14, 2011. The brief was not filed by that date and on July 22, 2011, the court notified counsel that he had until August 1, 2011, to either file appellant's brief or file an extension motion. To date, neither a brief nor an extension motion have been received by the court.

Those convicted of criminal acts are entitled to effective assistance of counsel on appeal. The failure of counsel to timely prosecute an appeal falls short of rendering such assistance. Consequently, we abate the appeal and remand the cause to the 46th District Court of Bell County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine 1) whether appellant desires to prosecute this appeal, 2) whether appellant is indigent and entitled to appointed counsel, and 3) whether appellant's current attorney was appointed or retained. The trial court is ordered to execute pertinent findings of fact on these matters. Should it be found that appellant desires to pursue the appeal, is indigent, and her current legal counsel was appointed, then the trial court is ordered to remove appellant's current legal counsel and appoint another to zealously represent appellant's interest on appeal. The name, address, phone number, telefax number, and state bar number of the new attorney must also be included in the court's findings of fact and conclusions of law. Lastly, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. The foregoing supplemental clerk's and reporter's records must be filed by the trial court with the clerk of this court on or before September 2, 2011. Should additional time be needed to perform these tasks, the trial court may request same on or before September 2, 2011.

It is so ordered.

Per Curiam

Do not publish.

2